UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**STANLEY JAMES FORQUIGNON,**

    Plaintiff,

v.                                Case No: 5:17-cv-323-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## ORDER

This matter is before the Court on the unopposed motion of Plaintiff's counsel, Richard A. Culbertson, for authorization to charge a reasonable fee pursuant to 42 U.S.C. §406(b) in the amount of $7,916.25. In support of the motion, Mr. Culbertson has filed a signed fee agreement in which Plaintiff acknowledges a 25% fee award of past due benefits. (Doc. 24-1). Mr. Culbertson represents that the Commissioner has no objection to the requested fees.

    I.    **Background**

On September 6, 2018, this Court reversed and remanded the case to the Social Security Administration for further proceedings. (Doc. 20). On November 19, 2018, the Court entered an order awarding attorney's fees to Mr. Culbertson under the Equal Access to Justice Act (EAJA) in the sum of $3,758.49, for time spent representing Plaintiff before this Court. (Docs. 23). Subsequently, on remand, Plaintiff was awarded

past due benefits in the amount of $55,665.00. (Doc. 24-2). Pursuant to the fee agreement, the attorney fee payable from Plaintiff's past-due benefits is $10,157.76. This is twenty five percent of the past due benefits—$13,916.25–minus the previously awarded EAJA fees in the amount of $3,758.49. Petitioner has voluntarily reduced the amount he is requesting to the amount which is left from the twenty-five percent of benefits withheld by the Commissioner after payment of the fee due to the administrative attorney. (Doc. 24-2).

II.   **Discussion**

An attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment Aa reasonable fee ... not in excess of 25 percent of the ... past-due benefits awarded to the claimant. 42 U.S.C. §406(b)(1)(A). The fee is payable Aout of, and not in addition to, the amount of [the] past-due benefits. *Id*. As required by *Gisbrecht v. Barnhardt*, 535 U.S. 789, 808 (2002), courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness. When called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensate so that they continue to represent clients in disability benefits cases. *Gisbrecht*, 535 U.S. at 805. In making this reasonableness determination, the *Gisbrecht* court highlighted several important factors including: (1) whether the requested fee is out of line with the character of the

representation and the results the representation achieved; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether Athe benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor. *Id*. at 808. In these instances, a downward reduction may be in order.

Here, the Court finds that the requested attorney's fees are reasonable. The requested fee will not result in a windfall for counsel –i.e., that counsel is receiving compensation he is not entitled to and that payment of the compensation would be unfair or detrimental to Plaintiff. In this regard, Mr. Culbertson has submitted a signed fee agreement in which Plaintiff acknowledged that counsel would receive 25% of all past due benefits awarded on appeal. (Doc. 24-1). Moreover, Mr. Culbertson submitted records showing that he and his associate spent at least 19.1 hours on this case before it was remanded, and it does not include time billable under the EAJA or spent representing Mr. Forquignon at the administrative level. (Docs. 22, 24).

Accordingly, for these reasons, and in the absence of any objection by the Commissioner, Mr. Culbertson's motion for authorization to charge a reasonable fee pursuant to 42 U.S.C. 406(b) (Doc. 32) is due to be **GRANTED**. Section 406(b) fees are approved for Mr. Culbertson in the sum of **$7,916.25.**

- 4 -

**DONE** and **ORDERED** in Ocala, Florida on March 4, 2021.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties